# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

In re KEVIN S. CHARLEY,

          Petitioner.

Case No. 3:24-cv-00210-SLG

## <u>NOTICE OF INTENT TO DISMISS</u>

On September 18, 2024, Kevin S. Charley, a self-represented prisoner (herein after "Petitioner"), filed a Petition for Writ of Mandamus.  On September 20, 2024, and October 11, 2024, Petitioner filed letters to this Court.  Petitioner did not file an application to waive prepayment of the filing fee.  However, the Court takes judicial notice of Petitioner's Application to Waive Prepayment of the Filing Fee at Docket 2 in *Charley v. Somerville, et al.*, Case No. 3:24-cv-00172-SLG, which demonstrates that Petitioner is indigent.[1]

The Court now screens the Petition for the Writ of Mandamus in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  The Court will not consider the letters at Dockets 2 and 3 in the screening process, as filing additional documents into the record does not properly amend a civil complaint.[2]

---

[1] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[2] *See* Local Civil Rule 15.1 (The affidavit does not allege any factual allegations, merely a list of federal crimes Petitioner alleges "officers of the State of Alaska" have committed against him.).

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil petition filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would

---

[3] 28 U.S.C. § 1915A.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 2 of 10

Case 3:24-cv-00210-SLG    Document 5    Filed 11/08/24    Page 2 of 10

be futile.[6]   Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[7]

## BACKGROUND

Petitioner alleges that he is "being prosecuted under the color of law . . . [a]nd have been prevented from filing/reporting capital crimes."[8]  Petitioner asserts that "the crimes filed against me filed by the State of Alaska" and the attorneys and law enforcement "deny me of my rights."[9]   Petitioner further asserts that "[t]hey known that they have broken state law and federal law" and [m]any Copper River Basin Public Officials & Civilians have made pledges/pacts to keep me from reaching my full potential as a U.S. Citizen."[10] Lastly, Petitioner alleges that he has "been harmed & wronged.  My children and many other Native American children have been wronged & humiliated by the hands of the named fugitives."[11]

Petitioner states "Per 25 U.S.C. [§] 175 I am entitled via U.S. federal law & statute to be represented by the U.S. Attorney General['s] Office."[12]  For relief, he

---

[6]  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] Docket 1 at 1.

[9] Docket 1 at 3.

[10] Docket 1 at 3.

[11] Docket 1 at 3.

[12] Docket 1 at 1.

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 3 of 10

Case 3:24-cv-00210-SLG     Document 5     Filed 11/08/24     Page 3 of 10

requests "representation in my legal procedure with the State of Alaska & the U.S. Federal District Court" and for criminal complaints to asserts are going to be issued pursuant to the Patriot Act in his civil matter in this Court.

The Court takes judicial notice of Petitioner's ongoing criminal matter in Alaska Superior Court in *State of Alaska v. Kevin Charley*, Case No. 3PA-24-01414CR.[13]  Additionally, the case takes judicial notice of the civil proceeding before this Court at *Charley v. Somerville, et al.*, Case No. 3:24-cv-000172-SLG[14]

## DISCUSSION

28 U.S.C. § 1361 grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff."  The issuance of a writ of mandamus is an extraordinary remedy, which may only be granted after careful judicial consideration.[15]  For mandamus relief, a petitioner must satisfy three elements: (1) that the petitioner has a clear and certain claim; (2) that a government official has a non-discretionary, ministerial duty, which is so plainly prescribed  as to be free from doubt; and (3) that the petitioner does not have an

---

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[14] *Supra* footnote 1.

[15] *Miller v. French*, 530 U.S. 327, 339 (2000).

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 4 of 10

Case 3:24-cv-00210-SLG     Document 5     Filed 11/08/24     Page 4 of 10

adequate available remedy.[16]  A petitioner must establish all of the required elements in order to receive mandamus relief.  "Even if the test is met, the district court still retains the discretion to deny relief."[17]  Here, none of the three requirements have been met.

First, Petitioner has not established a clear and certain claim.  Petitioner requests mandamus relief to compel the U.S. Attorney to (1) represent him in state court on a pending criminal matter; (2) represent him on his civil rights action before this Court; and (3) prosecute the attorneys and law enforcement officers associated with both his state and federal proceedings.[18]  25 U.S.C. § 175 does not create a mandatory duty for the United States Attorney to represent Alaska Native individuals or tribal entities in any or all lawsuits.[19]  Rather, 25 U.S.C. § 175 creates a discretionary function for the United States to serve as a guardian and trustee for tribal interests in certain instances.[20]  Further, legislative history indicates that 25 U.S.C. § 175 may only apply to disputes related to public lands.[21]  Accordingly, Petitioner's pleading fails to state a clear and certain claim.

---

[16] *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003); *Benny v. U.S. Parole Comm.*, 295 F.3d 977, 898 (9th Cir. 2002).

[17] Id. (citing *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)).

[18] Docket 1 at 1–3.

[19] *Siniscal v. U.S.,* 208 F.2d 406, 410 (9th Cir. 1953).

[20] *Salt River Pima-Maricopa Indian Cmty. v. Arizona Sand & Rock Co.*, 353 F. Supp. 1098, 1100 (D. Ariz. 1972).

[21] *United States v. Gila River Pima-Maricopa Indian Cmty.*, 391 F.2d 53, 56 (9th Cir. 1968).

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 5 of 10

Second, Petitioner does not allege sufficient plausible facts to demonstrate that a government employee has a non-discretionary, ministerial duty. A government employee has a ministerial duty for actions "ascertained by law, and [she] has no discretion, but must perform them."[22] As discussed above, 25 U.S.C. § 175 creates only a discretionary duty to act on behalf of tribal interests. 28 U.S.C. § 547 provides that "each United States attorney within [their] district, shall: (1) prosecute offenses against the United States; (2) prosecute or defend the federal government in all civil actions or proceedings; (3) appear on behalf of collectors, revenue, or customs officers of the United States; (4) prosecute for the collections of fines, penalties, and forfeitures; and (5) report to the Attorney General." A United States Attorney's decision to investigate or prosecute a certain issue or event is a discretionary, not a ministerial act; for this Court to order a United States Attorney to investigate or prosecute a claim would violate the separation of powers doctrine.[23] And if a United States Attorney were to act as court appointed counsel

---

[22] *Marbury v. Madison*, 5 U.S.C. § 137, 151 (1803).

[23] *Ross v. U. S. Attorney's Off. Cent. Dist. of California*, 511 F.2d 524, 525 (9th Cir. 1975) (holding "The well-settled principle that mandamus does not lie to compel a United States Attorney to perform a discretionary act is dispositive of this appeal.") (relying on *Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375, 380 (2nd Cir.1975) ("[T]he problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary. The reviewing courts would be placed in the undesirable and injudicious posture of becoming 'superprosecutors.'")). *See also O'Connor v. State of Nev.,* 507 F. Supp. 546, 549 (D. Nev. 1981), *aff'd,* 686 F.2d 749 (9th Cir. 1982) (reasoning "that federal district courts cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers.").

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 6 of 10

Case 3:24-cv-00210-SLG    Document 5    Filed 11/08/24    Page 6 of 10

for a criminal defendant in a state criminal matter or as an attorney in a civil rights case for a plaintiff who is not an employee of the United States, the attorney would likely exceed that attorney's authority and violate federalism; such representation clearly is not a plainly prescribed ministerial act.[24] Thusly, the second element cannot be fulfilled, because no plainly prescribed ministerial duty to represent Petitioner exists..

Lastly, Petitioner has made no showing of the lack of alternative available remedies.[25] However, the Court notes that alternate remedies are available to him. In his state court criminal proceeding, a court appointed attorney is available to him and assigned to his case.[26] While a litigant has no federal right to an appointed attorney in a civil action, if Petitioner's other civil matter passes screening, a volunteer attorney might agree to represent Petitioner.[27]

## FUTILITY OF AMENDMENT

If a federal court dismisses a complaint or civil petition, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was

---

[24] *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'") (citing *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)).

[25] *See* Docket 1.

[26] *State of Alaska v. Kevin Scott Charley*, Case No. 3PA-24-01414CR (Party Information; Docket Information, Entry of Appearance, Aug. 27, 2024).

[27] The Court notes that if Petitioner is seeking to disrupt or enjoin his state court matters through a writ of mandamus, this Court would likely abstain from exercising jurisdiction. *See Younger v. Harris*, 401 U.S. 37 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 7 of 10

Case 3:24-cv-00210-SLG     Document 5     Filed 11/08/24     Page 7 of 10

made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[28] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[29] "A district court may deny leave to amend when amendment would be futile."[30]

Neither 25 U.S.C. § 175 nor 28 U.S.C. § 547 provide the legal framework to grant Petitioner's requested relief. There are no additional facts consistent with the Petition that could establish a right to the mandamus relief Petitioner seeks. Accordingly, the Court will not grant leave to amend.

## CONCLUSION

Petitioner fails to meet the required elements that would entitle him to the extraordinary remedy of mandamus. The deficiencies of the Petition cannot be cured by amendment. Thusly, this civil action must be dismissed for failure to state a claim upon which relief may be granted.

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" if his case is dismissed "as frivolous or malicious or fails to state

---

[28] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[29] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[30] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 8 of 10

Case 3:24-cv-00210-SLG     Document 5     Filed 11/08/24     Page 8 of 10

a claim upon which relief may be granted[.]"[31] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[32] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[33] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[34] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[35] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[36] The Court will permit Petitioner to voluntarily dismiss this action in order to avoid a strike.

---

[31] 28 U.S.C.A. § 1915(g).

[32] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[33] 28 U.S.C. § 1915(g).

[34] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[35] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[36] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 9 of 10

Case 3:24-cv-00210-SLG    Document 5    Filed 11/08/24    Page 9 of 10

**IT IS THEREFORE ORDERED:**

1. Petitioner may elect to voluntarily dismiss this action; a voluntary dismissal does not constitute a strike.

2. If a Notice of Voluntary Dismissal is not filed by **December 9, 2024**, the Court shall dismiss the action without further notice to Petitioner, which shall be a strike against Petitioner.

3. The Clerk of Court is directed to send Petitioner form PS 09 Notice of Voluntary Dismissal with this order.

DATED this 8th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00210-SLG, In re Charley
Notice of Intent to Dismiss
Page 10 of 10

Case 3:24-cv-00210-SLG    Document 5    Filed 11/08/24    Page 10 of 10